# EXHIBIT A



**Case Information**

| | |
|---|---|
| Case Number: | C20231582 |
| Filing Date: | 4/10/2023 |
| Caption: | EUGENIO BALTAZAR VS. EL RIO SANTA CRUZ NEIGHBORHOOD HEALTH |
| Judge: | WAYNE E. YEHLING |

**Party Information**

| Party Full Name | Party Role | Name Type | DOB |
|---|---|---|---|
| EUGENIO BALTAZAR | Plaintiff | True | |
| EUGENIO BALTAZAR | Plaintiff | True | |
| EL RIO SANTA CRUZ NEIGHBORHOOD HEALTH | Defendant | True | |

**Case/Document Information**

| Document Type | Document SubType | Document Caption | File Date | Image |
|---|---|---|---|---|
| Open | Petition & Complaint | Complaint | 4/10/2023 | Available at Courthouse |
| Misc | Documents/Records Filed | Civil Cover Sheet | 4/10/2023 | Available at Courthouse |
| Arbitration | Fastar Certificate | FASTAR Certificate | 4/10/2023 | Available at Courthouse |
| Summons | Summons/Subpoena | Summons | 4/10/2023 | Available at Courthouse |
| Receipt | All Money Receipts | All Money Receipts 3607420 | 4/10/2023 | Available at Courthouse |

# EXHIBIT B

FILED
Gary Harrison
CLERK, SUPERIOR COURT
4/10/2023 1:38:28 PM
BY: ALAN WALKER /s/
DEPUTY
C20231582
HON. WAYNE E. YEHLING

**PACIFIC JUSTICE INSTITUTE**
Post Office Box 89517
Tucson, Arizona 85752
(520) 740-1447/Fax 829-3620
lgoar@pji.org
LYNN ERIC GOAR, ESQ. (P.C.C. #20908/S.B.A. #012484)
Attorney for Plaintiff

***IN THE SUPERIOR COURT IN AND FOR PIMA COUNTY***

***THE STATE OF ARIZONA***

| | |
|---|---|
| EUGENIO BALTAZAR,<br><br>Plaintiff,<br><br>v.<br><br>EL RIO SANTA CRUZ NEIGHBORHOOD HEALTH CENTER, INC.,<br><br>Defendant. | C20231582<br><br>**COMPLAINT**<br><br>HON. WAYNE E. YEHLING |

Plaintiff complains and alleges as follows:

1. Defendant is a corporation that owns and operates El Rio Santa Cruz Neighborhood Health Centers throughout Pima County, Arizona. Defendant has more than 15 employees.

2. Plaintiff was a security guard who was an employee of Defendant from 2019 to November 1, 2021, when he was terminated from that employment.

3. On August 26, 2021, Defendant instituted a policy mandatory Covid 19 and influenza vaccinations. Employees were given until November 1, 2021, to comply with the mandate or face adverse employment action up to and including termination.

4. Defendant agreed to consider requests for religious exemptions from the vaccine mandate. Plaintiff timely submitted such a request which was denied by Defendant based on the claim that it would cause undue hardship.

5. Upon information and belief, Defendant denied all requests for religious exemptions based on the claim that it would cause undue hardship regardless of the availability for reasonable accommodations for employees.

6. From the beginning of the Covid 19 "pandemic" to the time that he was terminated, Plaintiff practiced all reasonable precautions including the use of gloves, masks, handwashing, hand sanitizer, and distancing.

7. Defendant could have reasonably accommodated Plaintiff's religious objections to taking the mandatory vaccine but used the claim of undue hardship as a pretext to terminate his employment, violating his religious liberty.

**COUNT I – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

**Termination and Retaliation based on Religion**

8. Plaintiff incorporates the allegations of the preceding paragraphs by this reference.

9. Under Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e-2(a)(1)) it is unlawful to discharge any individual or otherwise discriminate against them with respect the his or her compensation, terms, conditions, or privileges of employment because of the individual's religion; or to limit, segregate, or classify an employee in any way which would deprive or tend to deprive them of employment opportunities or otherwise adversely affect his or her status as an employee because of his or her religion.

10. Plaintiff was an employee covered by the requirements of 42 U.S.C. §2000e, et seq.

11. Plaintiff has a deeply sincere religious objection to receiving the Covid 19 vaccination and Defendant denied his request for reasonable accommodation of her belief.

12. Plaintiff's sincerely held religious beliefs were the basis of Defendant's termination of his employment. Defendant's actions were an intentional violation of Plaintiff's religious

rights protected under Title VII of the Civil Rights Act of 1964.

13. As a direct result of Defendant's unlawful and discriminatory actions, Plaintiff has suffered general and special damages that include emotional distress; past and future lost wages and benefits; lost employment opportunities; as well as costs and attorney's fees incurred herein.

14. Plaintiff is also entitled to punitive damages in such an amount that will punish Defendant for its unlawful and discriminatory actions, and to deter it and others from engaging in similar conduct in the future.

**COUNT II – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

**Failure to Provide Religious Accommodation**

15. Plaintiff incorporates the allegations of the preceding paragraphs by this reference.

16. Title VII of the Civil Rights Act of 1964 makes it an unlawful employment practice to fail or refuse to accommodate the religious beliefs and practices of an employee.

17. Plaintiff's sincerely held religious beliefs were not accommodated by Defendant. Defendant's actions were an intentional violation of Plaintiff's religious rights protected under Title VII of the Civil Rights Act of 1964.

18. As a direct result of Defendant's unlawful and discriminatory actions, Plaintiff has suffered general and special damages that include emotional distress; past and future lost wages and benefits; lost employment opportunities; as well as costs and attorney's fees.

**COUNT III – VIOLATION OF THE ARIZONA CIVIL RIGHTS ACT**

19. Plaintiff incorporates the allegations of the preceding paragraphs by this reference.

20. Defendant's refusal to grant Plaintiff's request for religious exemption or provide reasonable accommodations and ultimate termination for his sincerely held religious beliefs

constituted employment discrimination contrary to Arizona Revised Statute §41-1463.

21. Defendant's refusal to grant Plaintiff's request for religious exemption or provide reasonable accommodations and ultimate termination for his sincerely held religious beliefs constituted employment retaliation contrary to Arizona Revised Statute §41-1464.

22. As a direct result of Defendant's unlawful and discriminatory actions, Plaintiff has suffered general and special damages that include emotional distress; past and future lost wages and benefits; lost employment opportunities; as well as costs and attorney's fees.

**COUNT IV – WRONGFUL TERMINATION**

23. Plaintiff incorporates the allegations of the preceding paragraphs by this reference.

24. Defendant's refusal to grant Plaintiff's request for religious exemption or provide reasonable accommodations and ultimate termination for his sincerely held religious beliefs constituted employment discrimination contrary to Arizona Revised Statute §23-206.

25. As a direct and proximate result of the employment discrimination, retaliation, and violation of A.R.S. §23-206, Plaintiff has suffered emotional distress, lost employment opportunities, lost employee benefits, and has experienced and will continue to experience lost income, all to his general and special damages.

26. As a direct result of Defendant's unlawful and discriminatory actions, Plaintiff has suffered general and special damages that include emotional distress; past and future lost wages and benefits; lost employment opportunities; as well as costs and attorney's fees.

27. Plaintiff alleges that this case is subject to tier 2 as defined by Rule 26.2.

WHEREFORE, Plaintiff demands Judgment against the Defendant as follows:

A. For compensatory damages in such an amount as will reasonably and adequately compensate him for his injuries and damages, be they special or general, including pre-

judgment interest on all liquidated damages, and post-judgment interest;

B. For taxable court costs incurred herein;

C. For attorney's fees; and

D. For other relief as this Court deems just and proper under the circumstances.

Dated: April 10, 2023.

**LAW OFFICE OF LYNN ERIC GOAR, P.C.**

/s/ *Lynn Goar*

LYNN ERIC GOAR

# EXHIBIT C

Person/Attorney Filing: Lynn Goar
Mailing Address: PO Box 89517
City, State, Zip Code: Tucson, AZ 85752
Phone Number: (520)740-1447
E-Mail Address: lgoar@pji.org
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 012484, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF PIMA

Eugenio Baltazar
Plaintiff(s),
v.
El Rio Santa Cruz Neighborhood Health
Defendant(s).

Case No. C20231582

**SUMMONS**

HON. WAYNE E. YEHLING

To: El Rio Santa Cruz Neighborhood Health

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 110 West Congress Street, Tucson, Arizona 85701 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation. Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

AZturboCourt.gov Form Set #7868133

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of PIMA




SIGNED AND SEALED This Date: 4/10/2023

Gary Harrison
Clerk of the Superior Court

BY: ALAN WALKER /s/
Deputy Clerk

AZturboCourt.gov Form Set #7868133

# EXHIBIT D

FILED
Gary Harrison
CLERK, SUPERIOR COURT
4/10/2023 1:38:28 PM
BY: ALAN WALKER /s/
DEPUTY
C20231582
HON. WAYNE E. YEHLING

PERSON/ATTORNEY FILING: Lynn Goar
MAILING ADDRESS: PO Box 89517
CITY, STATE, ZIP CODE: Tucson, AZ 85752
PHONE NUMBER: (520)740-1447
E-MAIL ADDRESS: lgoar@pji.org
[ ☐ ] REPRESENTING SELF, WITHOUT AN ATTORNEY
(IF ATTORNEY) STATE BAR NUMBER: 012484, Issuing State: AZ

ARIZONA SUPERIOR COURT, PIMA COUNTY

Eugenio Baltazar
Plaintiff(s),

V.

El Rio Santa Cruz Neighborhood Health
Defendant(s).

C20231582

**CASE NO**: ______________________

**RULE 102a FASTAR CERTIFICATE**
HON. WAYNE E. YEHLING

The undersigned certifies that he or she knows the eligibility criteria set by FASTAR Rule 101b and certifies that this case:

**(NOTE – YOU MUST CHECK ONE OF THE BOXES BELOW OR THE CLERK WILL NOT ACCEPT THIS FORM.)**

☐ **DOES** meet the eligibility criteria established by Rule 101b; or

☒ **DOES NOT** meet the eligibility criteria established by Rule 101b.

Dated: _________________

Lynn Goar /s/________________________
SIGNATURE

AZturboCourt.gov Form Set #7868133

# EXHIBIT E

FILED
Gary Harrison
CLERK, SUPERIOR COURT
4/10/2023 1:38:28 PM
BY: ALAN WALKER /s/
DEPUTY
C20231582
HON. WAYNE E. YEHLING

# In the Superior Court of the State of Arizona
# In and For the County of Pima

**Plaintiff's Attorney:**
Lynn Goar
Bar Number: 012484, issuing State: AZ
Law Firm: Pacific Justice Institute
PO Box 89517
Tucson, AZ 85752
Telephone Number: (520)740-1447
Email address: lgoar@pji.org

**Plaintiff:**
Eugenio Baltazar
PO Box 89517
Tucson, AZ 85752

**Defendant:**
El Rio Santa Cruz Neighborhood Health
PO Box 1231
Tucson, AZ 85702

Discovery Tier t2

Case Category: Other Civil Case Categories
Case Subcategory: Employment Dispute - Discrimination

AZTurboCourt.gov Form Set #7868133

# EXHIBIT F



***Pima County Clerk of Superior Court***
***Tucson, Arizona***



Receipt Number: 3607420

Received for: Eugenio Baltazar
Received from: Pacific Justice Institute
Amount Received: $258.00

Date: 4/10/2023
Case Number: C20231582
Clerk Number: 1,738

Caption: EUGENIO BALTAZAR VS. EL RIO SANTA CRUZ NEIGHBORHOOD HEALTH

Cash: $0.00 Check: $0.00 Charge: $0.00 ACH: $258.00

*Begin Financial Docket*

Civil Complaint $258.00 PAID

*End Financial Docke*

Change Returned: $0.00

Amount Refunded: $0.00

# EXHIBIT G

Stephanie M. Cerasano (State Bar No. 017171)
**JACKSON LEWIS P.C.**
2111 East Highland Avenue, Suite B-250
Phoenix, AZ 85016
Telephone: (602) 714-7056
Facsimile: (602) 714-7045
Stephanie.Cerasano@jacksonlewis.com
*Attorneys for Defendant*

ARIZONA SUPERIOR COURT

PIMA COUNTY

| | |
|---|---|
| Eugenio Baltazar,<br><br>Plaintiff,<br><br>v.<br><br>El Rio Santa Cruz Neighborhood Health Center, Inc.,<br><br>Defendant. | Case No: C20231582<br><br>**NOTICE OF FILING NOTICE OF REMOVAL** |

**TO: CLERK OF COURT, SUPERIOR COURT OF THE STATE OF ARIZONA, COUNTY OF PIMA:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant El Rio Santa Cruz Neighborhood Health Center, Inc. (“Defendant”) has removed this action from this Court to the United States District Court for the District of Arizona. A true and correct copy of the Notice of Removal filed with the District Court, without attachments, is attached as **Exhibit 1** and is incorporated by reference.

As provided in 28 U.S.C. § 1446(d), this Notice effects the removal of this action, and this Court “shall proceed no further unless and until this case is remanded.”

Dated: June 14, 2023.

JACKSON LEWIS P.C.

By: */s/ Stephanie M. Cerasano*
Stephanie M. Cerasano
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on June 14, 2023, the foregoing was e-filed and copy sent via electronic mail to:

Lynn Eric Goar
Pacific Justice Institute
Post Office Box 89517
Tucson, AZ 85752
lgoar@pji.org
*Attorney for Plaintiff*

By: */s/ Amalia Tafoya*

4859-8332-8605, v. 1